FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JAN 14 2013 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

PATRICK GEORGES,

                Plaintiff,

         -against-

THE CITY OF NEW YORK; DETECTIVE
JAMES O'CONNOR, Shield # Unknown;
AGENT ADAM BRUZZES, Shield # Unknown;
NYPD, Cross-Designed to the Joint Firearms
Task Force with the Bureau of Alcohol,
Tobacco and Firearms,

             Defendants.
------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
12-cv-6430 (CBA)

AMON, Chief United States District Judge.

On December 20, 2012, plaintiff Patrick Georges filed the instant *pro se* action pursuant to

42 U.S.C. § 1983 alleging false arrest and false imprisonment. Plaintiff's request to proceed *in*

*forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the

complaint is dismissed as time-barred and for failure to state a claim upon which relief may be

granted.

### Background

On August 3, 2006, plaintiff was arrested by Bureau of Alcohol, Tobacco and Firearms

("ATF") agents who were conducting an investigation into illegal firearms trafficking. Compl. at

1-2, ¶ 2; see Georges v. USA, No. 08-cv-3611 (E.D.N.Y. Feb. 3, 2011). Plaintiff's complaint

alleges that defendants Detective James O'Connor ("O'Connor") and Special Agent Adam

Bruzzes ("Bruzzes") had no probable cause to arrest him. Compl. at 6-7, ¶ 22. Plaintiff further

alleges that defendants O'Connor and Bruzzes "intentionally fabricated governmental documents



to make it look as if Plaintiff had cooperated with the government throughout the investigation of the firearms sales."[1]  Id. at 7, ¶ 23.  Plaintiff seeks monetary damages.

## Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  To state a claim on which relief may be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Although a *pro se* complaint must contain sufficient factual allegations to meet the plausibility standard, it is still held to less stringent standards than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); DiPetto v. U.S. Postal Serv., 383 F. App'x 102, 103 (2d Cir. 2010).  The court is obliged to construe plaintiff's pleadings liberally and interpret them as raising the strongest arguments they suggest, Abbas, 480 F.3d at 639.  If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court should grant leave to amend. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

---

[1] On March 26, 2008, the Court accepted plaintiff's previously entered guilty plea for conspiracy to transport firearms into New York State without being a licensed firearms importer, manufacturer, or dealer. 18 U.S.C. §§ 371, 922(a)(3). See USA v. Georges, 07-cr-00334-3 (CBA).  On April 21, 2008, plaintiff was sentenced to a term of imprisonment of 18 months followed by a three-year term of supervised release. Id.  By memorandum and order dated February 3, 2011, plaintiff's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, seeking to vacate the aforementioned conviction was denied. See Georges v. USA, No. 08-cv-3611 (E.D.N.Y. Feb. 3, 2011).

2

**Discussion**

In order to maintain a § 1983 action, plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985)).

In Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized an implied private cause of action for damages against federal officers who violate a citizen's constitutional rights. Bivens actions, although not precisely parallel, are the federal analog to § 1983 actions against state actors. See Chin v. Bowen, 833 F.2d 21, 24 (2d Cir. 1987). Accordingly, affording plaintiff the deference to which he is entitled as a *pro se* litigant, his complaint will be construed as a Bivens action to the extent the individual defendants were acting in their capacities as federal rather than state agents.

I. Timeliness of Claims

Plaintiff's claims for false arrest and false imprisonment are clearly time-barred. The statute of limitations for both § 1983 and Bivens actions arising in New York is three years. Kevilly v. New York, 410 Fed. Appx. 371, 375 (2d Cir. 2010) ("It is well-established that New York's three-year limitations period for personal injury actions . . . not the one-year limitations period for actions arising from false imprisonment . . . governs Section 1983 claims." (citing Okure v. Owens, 816 F.2d 45, 49 (2d Cir. 1987)); Chin, 833 F.2d at 24 (applying three-year

3

limitations period to Bivens actions brought in federal court in New York state). Although state law supplies the statute of limitations, federal law determines when the § 1983 claim has accrued. Wallace v. Kato, 549 U.S. 384, 388 (2007). For claims of false imprisonment and false arrest—the latter being a "species" of false imprisonment—the statute of limitations begins to run "when the alleged false imprisonment ends." Id. at 388–89. An alleged false imprisonment ends when "the victim becomes held pursuant to [legal] process-when, for example, he is bound over by a magistrate or arraigned on charges." Id. at 389 (emphasis omitted); accord Lynch v. Suffolk County Police Dept., Inc., 348 Fed. Appx. 672, 675 (2d Cir. 2009) (summary order).

Here, plaintiff was arraigned and thus held pursuant to legal process on May 3, 2007. See USA v. Georges et al., 07-cr-00334-3 (CBA), D.E. # 17. As plaintiff was arraigned on May 3, 2007, and did not file his complaint until December 20, 2012, well past the three-year limitations period, his claim is time-barred. See Kato, 549 U.S. at 388; Libreros v. City of New York, No. 11-cv-4800 (RRM) (LB); 2012 WL 1821415, *2-3 (E.D.N.Y. May 18, 2012) (holding that the three-year statute of limitations for § 1983 claims for false arrest and imprisonment began to run at arraignment).

II. False Arrest and False Imprisonment

Even if plaintiff's claims for false arrest and false imprisonment were not time-barred, the claims would be dismissed for failure to state a claim upon which relief may be granted. To state a claim for false arrest or false imprisonment,[2] a plaintiff must show: (1) that the defendant intended to confine the plaintiff; (2) that the plaintiff was conscious of the confinement; (3) that the plaintiff

---

[2] "False arrest is simply false imprisonment accomplished by means of an unlawful arrest," and as such, the claims are "largely synonymous." Jenkins v. City of New York, 478 F.3d 76, 88 n. 10 (2d Cir. 2007).

4

did not consent to the confinement; and (4) that the confinement was not otherwise privileged. Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003); see Pettus v. City of New York, No. 10-cv-1442 (CBA) (JO), 2011 WL 4458963, at *5 (E.D.N.Y. Aug. 26, 2011) (R&R adopted by this Court on Sept. 23, 2011, see D.E. # 62) (same elements apply to claim for false arrest brought pursuant to Bivens).

Although Georges was arrested pursuant to an arrest warrant in the Eastern District of New York, he now argues that the confinement was not privileged because O'Connor and Bruzzes lacked probable cause for his arrest. However, a plaintiff cannot recover in an action for false arrest or false imprisonment under § 1983 or Bivens when he has been convicted of the charges at issue and those charges have not been invalidated in any way. See Roesch v. Otarola, 980 F.2d 850, 853–54 (2d Cir. 1992) (false arrest or false imprisonment claim under § 1983 requires plaintiff to show that criminal proceeding terminated in his favor); Cameron v. Fogarty, 806 F.2d 380, 387 (2d Cir. 1986) ("[T]he common law rule, equally applicable to actions asserting false arrest, false imprisonment, or malicious prosecution, was and is that the plaintiff can under no circumstances recover if he was convicted of the offense for which he was arrested."); Gordon v. City of New York, No. 10-cv-5148 (CBA) (LB), 2012 WL 1068023, at *4 (E.D.N.Y. Mar. 29, 2012); see also Tavarez v. Reno, 54 F.3d 109, 110 (2d Cir. 1995) (finding rule that "[a] claim for damages based on a conviction or sentence that has not been invalidated . . . is not cognizable under § 1983" . . . "should apply to Bivens actions as well" (citing Heck v. Humphrey, 512 U.S. 477, 486-87 (1994))). Here, plaintiff was convicted of the charges on which he was arrested and the conviction was not invalidated. Accordingly, plaintiff's complaint fails to state a claim upon which relief may be granted.

## Conclusion

Accordingly, the complaint is dismissed as time-barred and for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
January _14_, 2013

Carol Bagley Amon
Chief United States District Judge

6